IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE M. ATKINS and ZANE FULTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEXTLEVEL ASSOCIATION SOLUTIONS, INC. d/b/a HOMEWISEDOCS.COM, and REALMANAGE LLC d/b/a AMERICAN COMMUNITY MANAGEMENT,<br><br>Defendants. | Civil Action No.<br><br>Hon.<br><br>NOTICE OF REMOVAL FROM STATE COURT |

**TO THE HONORABLE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE THAT Defendant NextLevel Association Solutions, Inc. d/b/a HomeWiseDocs.com ("HomeWise"), by and through counsel, hereby removes the above-captioned action filed in the Circuit Court of Cook County, Illinois (the "State Court Action") to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453.

**COMPLIANCE WITH STATUTORY REQUIREMENTS**

1.  On January 20, 2022, Plaintiffs Katherine Atkins and Zane Fulton ("Plaintiffs") filed the State Court Action, Case No. 2022-CH-00455, in the Circuit Court of Cook County, Illinois against HomeWise and RealManage LLC d/b/a American Community Management ("Defendants").

2. On January 20, 2022, Plaintiffs filed a Motion for Class Certification pursuant to 735 ILCS 5/2-801 of the Illinois Code of Civil Procedure.

3. On January 28, 2022, Plaintiffs first served HomeWise with the Summons, Complaint, and Motion for Class Certification from the State Court Action.

4. The Complaint purports to assert individual and putative class claims against Defendants under the Illinois Condominium Act, 765 ILCS 605/22.1 *et seq.*, (the "Condo Act"), Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* (the "ICFA"), as well as common law claims for civil conspiracy and unjust enrichment. (Compl. at ¶¶ 80-111).

5. HomeWise's removal of this action is timely because this Notice of Removal is filed within 30 days of service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b)(1).

6. In accordance with 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and the Motion for Class Certification are attached hereto as Exhibits 1, 2, and 3, respectively.

7. HomeWise has not been served with any other process, pleadings, or orders in this action.

8. This Notice of Removal is properly filed in this District and Division because the Circuit Court of Cook County, Illinois is located within the Northern District of Illinois, Eastern Division. *See* 28 U.S.C. §§ 1441(a), 1446(a).

9. In accordance with 28 U.S.C. § 1446(d), HomeWise will promptly provide written notice of removal of the State Court Action to Plaintiffs, and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

10. HomeWise's Rule 7.1 Corporate Disclosure Statement and Local Rule 3.2

Notification as to Affiliates Statement will be filed contemporaneously with this Notice of Removal.

**CLASS ACTION FAIRNESS ACT JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)**

11. As explained more fully herein, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"), because (1) this action is a class action where Plaintiffs and other putative class members are citizens of a State different from HomeWise, 28 U.S.C. § 1332(d)(2)(A); (2) the matter in controversy exceeds the sum or value of $5,000,000, 28 U.S.C. § 1332(d)(2); and (3) the number of members of all proposed classes in the aggregate is more than 100, 28 U.S.C. § 1332(d)(2), (5)(B).

### I. Citizenship of the Parties

12. In this action, minimal diversity of citizenship exists because Plaintiffs and HomeWise are citizens of different states. *See* 28 U.S.C. § 1332(d)(2)(A).

13. Plaintiffs allege in their complaint that they both are citizens of Illinois. (Compl. at ¶ ¶ 8-9).

14. HomeWise is not an Illinois citizen. HomeWise is a corporation incorporated under the laws of California with its principal place of business in Reno, Washoe County, Nevada where it maintains its headquarters. *See* 28 U.S.C. § 1332(c)(1).

15. As Plaintiffs are Illinois citizens, and because HomeWise is not a citizen of Illinois, there is minimal diversity between the parties as required by CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

### II. Amount-in-Controversy

16. Though HomeWise concedes neither liability on Plaintiffs' claims nor the propriety or breadth of the putative Class they seek to represent, Plaintiffs' allegations in the Complaint place in controversy an amount in excess of $5,000,000. 28 U.S.C. § 1332(d)(2); *see*

*Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (explaining that a notice of removal requires only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

17. Plaintiffs do not specify a monetary demand in the Complaint, but the sum of the individual and putative Class claims exceeds $5,000,000. 28 U.S.C. § 1446(c)(2)(A). Specifically, Plaintiffs allege that Defendants charged unreasonable fees to each putative Class member in violation of the Condo Act, and seek to recover "the amount of the fee they paid that exceeded Defendants' direct out-of-pocket costs for providing and copying the information and documents under Section 22.1." (Compl. at ¶ 90).

18. Under their purported Condo Act claim, Plaintiffs put the entirety of the fees paid by each member of the putative Class to HomeWise at issue. Plaintiffs seek to recover "the amount of the fee they paid that exceeded Defendants' direct out-of-pocket costs for providing and copying the information and documents under Section 22.1," (Compl. at ¶ 90), while also alleging that HomeWise's direct out-of-pocket costs for providing the documents were "minimal, if extant" and "essentially zero . . . ." (Compl. at ¶¶ 48, 50). Thus, Plaintiffs seek the entirety of the sums paid by each member of the putative Class to HomeWise.

19. HomeWise disputes Plaintiffs' allegations concerning and characterizations of its services and its fees. HomeWise also disputes the applicability of the Condo Act to its services. Nevertheless, the "amount in controversy is 'determined by an evaluation of the controversy described in the plaintiff's complaint and the record as a whole.'" *See, e.g.*, *Identity Dental Mktg., LLC v. Twin City Fire Ins. Co.*, No. 20-CV-06883, 2021 WL 3524111, at *2 (N.D. Ill. July 19, 2021) (citing *Uhl v. Thoroughbred Tech. & Telecommunications, Inc.*, 309 F.3d 978, 983 (7th Cir. 2002)) (denying motion to remand).

20. Since January 20, 2017, HomeWise has engaged in over 125,000 Illinois transactions where it provided third-party services relating to requests for documents implicated by Section 22.1(a) of the Condo Act and Plaintiffs' allegations. (Compl. at ¶ 15).

21. HomeWise itself has collected over $7,000,000 in fees charged for its services in connection with such Illinois transactions since January 20, 2017.

22. This sum does not include amounts collected by property management companies, which are generally much higher than HomeWise's service fees.

23. As such, as it relates to Plaintiffs' purported Condo Act claim alone, the amount-in-controversy well exceeds the $5,000,000 jurisdictional threshold under CAFA. 28 U.S.C. § 1332(d)(2).

24. This calculation does not account for Plaintiffs' purported ICFA, civil conspiracy, and unjust enrichment claims, where they seek unspecified awards of actual damages, statutory damages, treble damages, enhanced damages, and punitive damages.

25. Plaintiffs also seek attorney's fees incurred in the action, which may be properly considered for purposes of removal. *See, e.g.*, *Caprarola v. Helzberg's Diamond Shops, Inc.*, No. 13 C 6493, 2014 WL 12936983, at *2 (N.D. Ill. May 1, 2014) (denying motion to remand and noting that "[i]n determining whether a suit exceeds the amount-in-controversy threshold, courts consider all damages available to a plaintiff, including compensatory and punitive damages, as well as attorneys' fees"); (Compl. at 20, 23, 25, 26). Plaintiffs are represented by at least seven attorneys who claim to have many years of combined experience. *See generally* Exhibits to Motion for Class Certification.

### III. Number of Putative Class Members

26. The number of putative Class members in the aggregate exceeds the 100 member jurisdictional requirement under CAFA. 28 U.S.C. § 1332(d)(5)(B). As noted, HomeWise has

been involved in over 125,000 relevant Illinois transactions since January 20, 2017 and as such there are well over 100 putative Class members.

## CONCLUSION

27. In sum, removal to the United States District Court for the Northern District of Illinois, Eastern Division, is proper because HomeWise is minimally diverse from Plaintiffs, the amount-in-controversy under Plaintiffs' individual and putative Class claims exceeds $5,000,000, and the putative Class consists of more than 100 members. 28 U.S.C. §§ 1332(d)(2), (d)(2)(A), (5)(B).

WHEREFORE, HomeWise respectfully removes the above-captioned action to this Court from Circuit Court of Cook County, Illinois.

Dated: February 25, 2022

/s/ Philip M. Oliss
Philip M. Oliss
(Illinois Bar No. 6308268)
Alexander W. Prunka*
(Ohio Bar No. 100431)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: poliss@jonesday.com
Email: aprunka@jonesday.com

*Pro hac vice application forthcoming*

Paula S. Quist
(Illinois Bar No. 6278287)
JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: pquist@jonesday.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, I caused the foregoing **NOTICE OF REMOVAL FROM STATE COURT** to be served via first-class mail on the all of the following:

RealManage LLC d/b/a American
Community Management
c/o CT Corporation System
208 South LaSalle Street
Suite 814
Chicago, Illinois 60604

Thomas A. Zimmerman, Jr.
Sharon A. Harris
Matthew C. De Re
Jeffrey D. Blake
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street
Suite 1220
Chicago, Illinois 60602

Rusty Payton
Payton Legal Group
20 North Clark Street
Suite 3300
Chicago, Illinois 60602

Arthur C. Czaja
Law Office of Arthur C. Czaja
7521 North Milwaukee Ave.
Niles, Illinois 60714

Joseph S. Davidson
Law Offices of Joseph P. Doyle LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193

*Attorneys for Plaintiffs*

Dated: February 25, 2022

/s/ *Philip M. Oliss*
Philip M. Oliss
(Illinois Bar No. 6308268)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: poliss@jonesday.com