IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHERINE M. ATKINS and ZANE FULTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEXTLEVEL ASSOCIATION SOLUTIONS, INC. d/b/a HOMEWISEDOCS.COM, and REALMANAGE LLC d/b/a AMERICAN COMMUNITY MANAGEMENT,<br><br>Defendants. | Case No. 1:22-cv-00997<br><br>Hon. Gary S. Feinerman<br><br>Mag. Susan E. Cox<br><br>JOINT STATUS REPORT |

Pursuant to the Court's April 25, 2022 Order (ECF 35) Plaintiffs, Katherine M. Atkins and Zane Fulton, and Defendants, NextLevel Association Solutions, Inc. d/b/a HomeWiseDocs.com and RealManage LLC d/b/a American Community Management, submit the following Joint Status Report. The Supreme Court issued a decision in *Channon v. Westward Management* on November 28, 2022, reversing the First District Court of Appeals and answering the certified question in the negative. 2022 IL 128040. The Parties inform the Court of their positions as follows:

Defendants' Position

Plaintiffs purport to state claims for violation of the Illinois Condominium Property Act ("Condo Act"), Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), unjust enrichment, and civil conspiracy. Plaintiffs cannot proceed with any claim they assert following the *Channon* decision. The Supreme Court of Illinois held that the Condo Act "does not create an implied private right of action by a condominium unit seller against an agent of a condominium

association or its board of managers for allegedly violating [section 22.1(c)'s] fee limitations" because "the plain and ordinary meaning of that section clearly establishes the legislature's intent of *protecting potential buyers of condominium units*." *Channon v. Westward Mgmt.*, 2022 IL 128040, ¶ 27, 34 (emphasis added). The Court reasoned the plaintiffs, who were each condominium unit sellers, were not members of the class that the legislature intended to benefit in section 22.1, and thus an implied private right of action was improper under the standard established by the Illinois Supreme Court in *Metzger v. DaRosa*, 209 Ill. 2d 30 (2004). *Id.* at ¶ 27. Because Plaintiffs here also base their claims on their experiences as condominium *sellers*, they likewise cannot pursue a Condo Act claim against Defendants, much less anyone else.

*Horist v. Sudler & Co.*—which the Supreme Court cited favorably in *Channon*—precludes Plaintiffs' remaining claims. The Seventh Circuit's *Horist* opinion conclusively establishes that condominium unit sellers cannot assert claims under the Illinois Consumer Fraud Act ("ICFA") arising from charges for section 22.1 disclosure documents because "stripped of its Condominium Act premise, the Consumer Fraud Act claim rests on nothing more than a generic allegation" of excessive pricing and "Illinois courts have held that 'charging an unconscionably high price generally is insufficient to establish a claim for unfairness.'" *Horist v. Sudler & Co.*, 941 F.3d 274, 281 (7th Cir. 2019) (quoting *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 961 (Ill. 2002)) (affirming dismissal of ICFA claim). Nor can Plaintiffs pursue unjust enrichment or civil conspiracy claims because neither is an independent claim under Illinois law. *Id.* at 280-81. Thus, both must fall with Plaintiffs' Condo Act and ICFA claims. *Id.*

Under binding Illinois Supreme Court and Seventh Circuit precedent, condominium unit sellers, like Plaintiffs, cannot assert claims based on allegedly unreasonable fees charged for

disclosure documents pursuant to section 22.1 of the Condo Act. Thus, Plaintiffs cannot proceed with any claims in good faith and should dismiss this action in full.

Defendants will be prepared to discuss these issues (and any others) at the December 15, 2022 status hearing.

Plaintiffs' Position

Plaintiffs are analyzing the *Channon* decision and its impact on this case to determine whether Plaintiffs may need to amend the Complaint to add different claims against these Defendants, add additional parties as defendants, or dismiss this case. Plaintiffs request that the matter be continued for 45 days to allow Plaintiffs time to complete their evaluation.

Dated: December 5, 2022

/s/ Robert F. Merlo
Kimberly E. Blair
(Illinois Bar No. 6272934)
Robert F. Merlo
(Illinois Bar No. 6327312)
Wilson Elser Moskowitz Edelman and Dicker LLP
55 W. Monroe St.; Suite 3800
Chicago, Illinois 60603
T: (312) 821-6139
F: (312) 704-1522
Kimberly.blair@wilsonelser.com

*Attorney for Defendant Realmanage LLC*

/s/ Philip M. Oliss
Philip M. Oliss
(Illinois Bar No. 6308268)
Alexander W. Prunka (*pro hac vice*)
(Ohio Bar No. 100431)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: poliss@jonesday.com
Email: aprunka@jonesday.com

Paula S. Quist
(Illinois Bar No. 6278287)
JONES DAY
110 North Wacker Drive
Suite 4800
Chicago, Illinois 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: pquist@jonesday.com

*Attorneys for Defendant NextLevel Association Solutions, Inc.*

disclosure documents pursuant to section 22.1 of the Condo Act. Thus, Plaintiffs cannot proceed with any claims in good faith and should dismiss this action in full.

Defendants will be prepared to discuss these issues (and any others) at the December 15, 2022 status hearing.

Plaintiffs' Position

Plaintiffs are analyzing the *Channon* decision and its impact on this case to determine whether Plaintiffs may need to amend the Complaint to add different claims against these Defendants, add additional parties as defendants, or dismiss this case. Plaintiffs request that the matter be continued for 45 days to allow Plaintiffs time to complete their evaluation.

Dated: December 5, 2022

/s/ Robert F. Merlo
Kimberly E. Blair
(Illinois Bar No. 6272934)
Robert F. Merlo
(Illinois Bar No. 6327312)
Wilson Elser Moskowitz Edelman and Dicker LLP
55 W. Monroe St.; Suite 3800
Chicago, Illinois 60603
T: (312) 821-6139
F: (312) 704-1522
Kimberly.blair@wilsonelser.com

*Attorney for Defendant Realmanage LLC*

/s/ Philip M. Oliss
Philip M. Oliss
(Illinois Bar No. 6308268)
Alexander W. Prunka (*pro hac vice*)
(Ohio Bar No. 100431)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: poliss@jonesday.com
Email: aprunka@jonesday.com

Paula S. Quist
(Illinois Bar No. 6278287)
JONES DAY
110 North Wacker Drive
Suite 4800
Chicago, Illinois 60606
Telephone: (312) 782-3939
Facsimile: (312) 782-8585
Email: pquist@jonesday.com

*Attorneys for Defendant NextLevel Association Solutions, Inc.*

*/s/ Thomas A. Zimmerman, Jr.*
Thomas A. Zimmerman, Jr.
tom@attorneyzim.com
Sharon A. Harris
sharon@attorneyzim.com
Matthew C. De Re
matt@attorneyzim.com
Jeffrey D. Blake
jeff@attorneyzim.com
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile

Rusty Payton
Payton Legal Group
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

Arthur C. Czaja
Law Office of Arthur C. Czaja
7521 N. Milwaukee Ave.
Niles, IL 60714
(847) 647-2106
arthur@czajalawoffices.com

Joseph S. Davidson
Law Offices of Joseph P. Doyle LLC
105 South Roselle Road, Suite 203
Schaumburg, Illinois 60193
(847) 985-1100
jdavidson@fightbills.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 5, 2022 I electronically filed a true and correct copy of the foregoing **JOINT STATUS REPORT** with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

Dated: December 5, 2022

*/s/ Philip M. Oliss*
Philip M. Oliss
(Illinois Bar No. 6308268)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: poliss@jonesday.com